# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

DaCOSTA DANIELS, individually and
DaCOSTA DANIELS as mother,
guardian and next friend of Y.A., a
minor child,

        Plaintiffs,

vs.

THE CITY OF SIOUX CITY, et al.,

        Defendants.

No. C13-4068-MWB

**ORDER**

---

This case is before me on two related motions: (1) defendants' motion (Doc. No. 25) to strike plaintiffs' expert witness disclosures and (2) plaintiffs' motion (Doc. No. 26) to extend the deadline for their expert witness disclosures. No party has requested oral argument and, in any event, I find that such arguments are not necessary. *See* Local Rule 7(c). The motions are fully submitted.

## *BACKGROUND*

Plaintiffs DaCosta Daniels, individually, and DaCosta Daniels, as mother, guardian and next friend of Y.A., a minor, filed this action on July 29, 2013. The complaint (Doc. No. 2) describes events that allegedly occurred on August 8, 2011, during DaCosta Daniels' arrest by Joshua Tyler, a Sioux City Police Officer. Daniels alleges that Tyler employed excessive force in making the arrest. In Counts I and II, she asserts claims against Tyler for common law assault and, pursuant to 42 U.S.C. § 1983, deprivation of her constitutional rights. In Count III, Daniels asserts a claim

against the City alleging that it failed to properly train Tyler and that Tyler was acting pursuant to a policy or custom of the City.

The complaint also describes events that allegedly occurred on or about February 23, 2012, when Y.A., who is Daniels' daughter, was attending classes at West Middle School in Sioux City. Plaintiffs allege that a video of Daniels' arrest by Tyler was shown to Y.A.'s entire class during class time. Counts IV and V assert claims on behalf of Y.A. against both the City and The Sioux City Community School District (the District) for intentional and negligent infliction of emotional distress. Finally, Count VI consists of a request for punitive damages against all defendants.

Tyler and the City filed an answer (Doc. No. 12) on August 20, 2013. The answer denies wrongdoing and liability and includes various defenses. The City then filed a motion (Doc. No. 13) to bifurcate claims and to stay discovery and trial. The City asked that the claims against it be separated from the claims against Tyler, with the claims against Tyler being tried first. It further sought a stay of discovery on the claims against the City pending resolution of the claims against Tyler. I denied that motion on September 13, 2013. *See* Doc. No. 21.

Meanwhile, the District filed a pre-answer motion (Doc. No. 14) to dismiss the claims against it for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). On November 8, 2013, Judge Bennett granted that motion, thus dismissing the District from this case and leaving the City and Tyler as the only remaining defendants. *See* Doc. No. 23.

On November 5, 2013, I approved and entered the parties' joint, proposed scheduling order and discovery plan (Doc. No. 22) which, among other things, established a deadline of January 31, 2014, for plaintiffs to disclose expert witnesses. Trial is scheduled to begin January 12, 2015. *See* Doc. No. 24.

### *THE PRESENT DISPUTE*

On their deadline of January 31, 2014, plaintiffs served an expert witness disclosure in which they state that they have retained Robert T. Johnson as an expert. *See* Doc. No. 25-2.   They provided Mr. Johnson's *curriculum vitae,* his fee schedule and a list of other cases in which he has testified during the past four years.   *Id.* However, they did not disclose his opinions in this case and, thus, did not itemize the facts and data he considered in forming those opinions.   Instead, they stated that they were not yet in a position to disclose that information because they had retained Mr. Johnson just four days earlier.   *Id.*

Defendants filed their motion to strike on February 21, 2014, correctly pointing out that plaintiffs were not in compliance with the expert disclosure requirements imposed by Federal Rule of Civil Procedure 26(a)(2)(B).   This motion prompted plaintiffs' motion to extend their disclosure deadline, in which plaintiffs seek an extension to March 31, 2014.

Plaintiffs contend that they were unable to fully comply with Rule 26(a)(2)(B) by January 31, 2014, because they have limited resources and it took a great deal of time for them to locate an expert they could afford.   Plaintiffs also attempt to shift blame to the defendants, for various reasons.   Finally, they note that their attorney's first child was born two days after the January 31, 2014, deadline, causing further distractions. *See* Doc. No. 26-1 at 4-5.   Defendants argue that these explanations do not rise to the level of good cause, as necessary to amend a scheduling order.   Defendants also contend that they will suffer unfair prejudice if plaintiffs' requested extension is granted.

### *ANALYSIS*

Federal Rule of Civil Procedure 16(b) guides the court's issuance and modification of pretrial scheduling orders and provides that the court "must issue a scheduling order,"

which "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(1) and (3)(A). The scheduling order "may be modified only for good cause and with the judge's consent." Fed. Civ. P. 16(b)(4). In addition, Rule 16(d) states that the pretrial order "controls the course of the action unless the court modifies it."

The Eighth Circuit Court of Appeals has explained the Rule 16(b) "good cause" standard as follows:

"The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006); *see also* Fed.R.Civ.P. 16(b), advisory committee note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines. *See Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (concluding that there was "no need to explore beyond the first criterion, [diligence,] because the record clearly demonstrate[d] that Bradford made only minimal efforts to satisfy the [scheduling order's] requirements"). Our cases reviewing Rule 16(b) rulings focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order. *See, e.g., Rahn*, 464 F.3d at 822 (affirming the district court's denial of Rahn's request for a modification of the scheduling order because the record made clear that Rahn did not act diligently to meet the order's deadlines); *Barstad v. Murray County*, 420 F.3d 880, 883 (8th Cir. 2005) (affirming the district court's denial of leave to amend the Barstads' complaint under Rule 16(b) because the Barstads had eight months to request an amendment of the scheduling order and "knew of the claims they sought to add when they filed the original complaint"); *Freeman v. Busch*, 349 F.3d 582, 589 (8th Cir. 2003) (affirming, under Rule 16(b), the district court's denial of Freeman's motion to amend her complaint because she provided no reasons why the amendment could not have been made earlier or why her motion to amend was filed so late).

*Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008). Thus, the movant's diligence in attempting to comply with the scheduling order is the paramount issue.

Here, this is a very close call. At the outset, I flatly reject plaintiffs' absurd attempts to blame this situation on their adversaries. According to plaintiffs, the defendants had the audacity to (a) exercise their right to produce a description of documents, not copies of documents, with their initial disclosures,[1] (b) force plaintiffs to respond to non-frivolous procedural and jurisdictional motions and, to top it off, (c) serve written discovery requests. One can only wonder how defense counsel can sleep at night. It is downright silly for the plaintiffs to contend that by virtue of these perfectly-legitimate actions, the defendants "have also played a part in producing this delay."

Next, while I sincerely congratulate plaintiffs' counsel on the birth of his first child, that event occurred after the January 31, 2014, deadline. Plaintiffs do not explain how that might have impacted their efforts to locate and retain an expert sufficiently in advance of the deadline to avoid the need for an extension.

This leaves one argument – the one plaintiffs should have advanced in a motion to extend their deadline prior to January 31, 2014. Plaintiffs state that they contacted multiple experts but were unable to locate one they could afford in time for them to comply with the deadline. That is actually a legitimate reason, as it suggests at least

---

[1] The Rules of Procedure rather plainly give each party the option to produce, as part of its initial disclosures, either "a copy – or a description by category and location" of all documents and things in that party's possession that the party "may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(ii). Thus, the defendants were not required to provide copies at the initial disclosure stage. Moreover, given that the plaintiffs did not even retain their expert until January 27, 2014, I simply do not believe their claim that he might have been able to complete an expert witness report by their deadline – four days later – if only the defendants had provided copies of documents. Finally, upon receiving defendants' initial disclosures plaintiffs could have served a simple set of document requests to obtain copies of the listed documents. For reasons that remain a mystery, they did not do so.

some amount of diligence and explains, at least in part, why plaintiffs may have been unable to meet their deadline through no fault of their own.

If plaintiffs had filed a motion to extend the deadline prior to January 31, 2014, and had provided this explanation, granting the motion would have been a relatively easy call. Instead, they sought no extension, failed to comply with their disclosure requirements and requested relief only later, when defendants properly pointed out their noncompliance. That conduct, combined with their bizarre attempt to blame their plight on the defendants, makes it tempting to deny their request. And, frankly, if the scheduling order could not easily accommodate plaintiffs' delay without causing undue prejudice to the defendants, that is what would happen.

Fortunately for plaintiffs, trial is not scheduled to begin for over ten months. I find that plaintiffs have, just barely, demonstrated good cause to extend their expert witness disclosure deadline by representing that they made efforts to obtain an expert sooner but were unable to do so because of financial constraints. I further find that the scheduling order can be amended without causing unfair prejudice. Thus, the scheduling order for this case is hereby amended as follows:

| | |
|---|---|
| **Plaintiffs' expert disclosures:** | **March 31, 2014** |
| **Defendants' expert disclosures:** | **May 30, 2014** |
| **Plaintiffs' rebuttal expert disclosures:** | **June 30, 2014** |
| **Completion of all discovery:** | **August 1, 2014** |
| **Dispositive motions:** | **September 2, 2014** |
| **Trial Ready Date:** | **January 5, 2015** |

All other dates and deadlines in this case, including the trial date of January 12, 2015, remain unchanged. Plaintiffs and their counsel are advised that any further requests on their part to extend deadlines or excuse noncompliance will be reviewed with

skepticism. They should not expect further relief in the absence of truly extraordinary and unforeseeable circumstances.

## *CONCLUSION*

For the reasons set forth herein, the defendants' motion (Doc. No. 25) to strike plaintiffs' disclosure of expert witnesses is **denied without prejudice**. That motion may be renewed after March 31, 2014, if plaintiffs still have not complied with the applicable disclosure requirements. Plaintiffs' motion (Doc. No. 26) to extend their deadline for expert disclosures is **granted**. The scheduling order for this case is hereby **amended** as set forth herein.

**IT IS SO ORDERED.**

**DATED** this 4th day of March, 2014.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE