# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| DACOSTA DANIELS,<br><br>      Plaintiff,<br>vs.<br><br>JOSHUA TYLER, Individually,<br><br>      Defendant. | No. C 13-4068-MWB<br><br>**ORDER ON PLAINTIFF'S MOTION TO APPEAL IN FORMA PAUPERIS AND PLAINTIFF'S APPEAL OF BILL OF COSTS** |

_____

This case is before me on the plaintiff's November 20, 2014, Motion To Appeal In Forma Pauperis (docket no. 50).[1] This court has jurisdiction over the Motion To Appeal In Forma Pauperis, in the first instance, pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure. The plaintiff has not previously been granted *in forma pauperis* status in this case, but when she originally filed her Motion To Appeal In Forma Pauperis, she did not submit the affidavit required by Rule 24(a)(1) of the Federal Rules of Appellate Procedure. Consequently, by Order (docket no. 53), filed November 20, 2014, I stated that, if the plaintiff completed and filed an affidavit, a copy of which was attached to the Order, on or before Monday, December 1, 2014, I would deem her Motion To Appeal In Forma Pauperis timely filed and consider it on the merits.

The plaintiff did file her Motion And Affidavit For Permission To Appeal In Forma Pauperis (docket no. 58) on December 1, 2014. Her affidavit shows that she has

---

[1] Although the plaintiff was previously represented by counsel in these proceedings, counsel filed a Motion To Withdraw (docket no. 57) on November 26, 2014, and was granted leave to withdraw by Order (docket no. 62), filed December 4, 2014.

very limited income, substantial expenses, and insufficient funds remaining after deducting expenses "to pay or to give security for fees and costs." FED. R. APP. P. 24(a)(1)(A). The plaintiff has also claimed an entitlement to redress and stated the issues that she intends to present on appeal. *See* Notice Of Appeal (docket no. 51); FED. R. APP. P. 24(a)(1)(B)-(C). Consequently, she may proceed on appeal without prepaying or giving security for fees and costs. FED. R. APP. P. 24(a)(2).

This case is also before me on the plaintiff's *pro se* "Appeal Of Bill Of Costs" (docket no. 54), filed November 21, 2014. I construe this "Appeal" to be a request for review by the district court, in the first instance, of the November 13, 2014, Bill Of Costs (docket no. 49), by the Clerk of Court, taxing costs in the amount of $1,188.15 against the plaintiff, rather than as an "appeal" of the Bill Of Costs to the Eighth Circuit Court of Appeals. *See* FED. R. CIV. P. 54(d)(1) (permitting the district court to review the clerk's taxation of costs, on a motion served within the next 7 days); N.D. IA. L.R. 54(a)(1)(E) (authorizing review by the district court of the clerk's taxation of costs). The defendant filed a Resistance (docket no. 61) to this "Appeal" on December 4, 2014.

In his Resistance, the defendant contends, first, that the plaintiff's "Appeal" is untimely, because it was not served within 7 days after the Clerk of Court filed the Bill Of Costs. The defendant has failed to consider Rule 6(d) of the Federal Rules of Civil Procedure, which provides an additional three days for service after the expiration of the time specified in Rule 6(a), "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F)." Pursuant to Rule 5(b)(3) of the Federal Rules of Civil Procedure, service using the court's transmission facilities constitutes service under Rule 5(b)(2)(E), for sending service by electronic means. Thus, the plaintiff's "Appeal," served within the additional 3-day period provided in Rule 6(d), was timely.

In her "Appeal," the plaintiff states,

> I do not feel I should be held responsible for these charges. These are charges that [the defendant] and his attorney's [sic] set forth. I also believe that not all of these records were needed for this case. I am asking for the these [sic] charges to be removed from my responsibility, and for the persons' [sic] who incurred these charges to be responsible for settling them.

Plaintiff's Appeal Of Bill Of Costs at 2. In his Resistance, the defendant argues that all of the documents for which copy costs and transcript costs were claimed as costs subject to taxation were actually requested by the plaintiff's attorney. Thus, the defendant argues that all of the costs are properly taxed.

Rule 54 of the Federal Rules of Civil Procedure provides, in pertinent part, that "costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). The Eighth Circuit Court of Appeals has explained that Rule 54(d) "represents a codification of the 'presumption that the prevailing party is entitled to costs.'" *Greaser v. State, Dept. of Corrections*, 145 F.3d 979, 985 (8th Cir. 1998) (quoting *Bathke v. Casey's General Stores, Inc.*, 64 F.3d 340, 347 (8th Cir. 1995)); *see also 168th and Dodge, LP v. Rave Reviews Cinemas, L.L.C.*, 501 F.3d 945, 957 (8th Cir. 2007) ("A prevailing party is presumptively entitled to recover all of its costs.") (quoting *In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005)); *Poe v. John Deere Co.*, 695 F.2d 1103, 1108 (8th Cir. 1982) ("Costs, unlike attorney's fees, are awarded to a prevailing party as a matter of course, unless the district court directs otherwise; unusual circumstances need not be present.") (citing *NOW v. Bank of California*, 680 F.2d 1291, 1294 (9th Cir. 1982); *Croker v. Boeing Co.*, 662 F.2d 975, 998–99 (3d Cir. 1981); *Johnson v. Nordstrom–Larpenteur Agency, Inc.*, 623 F.2d 1279, 1282 (8th Cir. 1980), *cert. denied*, 449 U.S. 1042 (1980); *Jones v. City of San Antonio*, 568 F.2d 1224, 1226 (5th Cir. 1978)). Although the rule presumes an award of costs to a prevailing party, it is phrased in permissive terms, so that "the district court has substantial

discretion to refuse to tax costs in favor of the prevailing party." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 762 (8th Cir. 2006) (citing *Computrol, Inc. v. Newtrend, L.P.*, 203 F.3d 1064, 1072 (8th Cir. 2000)); *Greaser*, 145 F.3d at 985 ("Despite this presumption, however, the district court has substantial discretion in awarding costs to a prevailing party." (citing *Zotos v. Lindbergh School Dist.*, 121 F.3d 356, 363 (8th Cir. 1997)); *see also Pershern v. Fiatallis North America, Inc.*, 834 F.2d 136, 140 (8th Cir. 1987) ("[W]ithin the statutory framework of costs eligible to be taxed, the district court has discretion in determining and awarding costs in a given case."); *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983) ("Under Rule 54(d), allocation of costs is within the sound discretion of the trial court.").

When a district court denies costs, it must provide a rationale for doing so. *See Thompson v. Wal–Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006). "A general statement of fairness is insufficient, without more, to rebut the Rule 54(d)(1) presumption for an award of costs to the prevailing party." *Id*. For example, the Eighth Circuit Court of Appeals has recognized that a losing plaintiff's "limited financial resources" are a reason to award only part of the costs to the defendant, *Cross*, 721 F.2d at 1157, and that a district court may deny an award of costs in their entirety if "a plaintiff is poor or for other good reason." *Poe*, 695 F.2d at 1108.[2]

Here, as an initial matter, I agree with the defendant that the costs in question were properly itemized and taxed as "costs" pursuant to Rule 54(d) and 28 U.S.C. § 1920. On the other hand, while the plaintiff does not expressly assert her poverty or inability

---

[2] If a district court's denial of costs is appealed, the Eighth Circuit Court of Appeals will "review the district court's denial of costs for abuse of discretion." *Greaser*, 145 F.3d at 985 (citing *Milton v. City of Des Moines, Iowa*, 47 F.3d 944, 947 (8th Cir. 1995)). "A court of appeals lacks jurisdiction to hear an appeal where the sole issue is that the district court abused its discretion as to the amount of costs awarded," however. *Poe*, 695 F.2d at 1109.

to pay the costs in her "Appeal," such grounds for a denial or partial denial of an award of costs against her is at least implicit in her Motion To Appeal In Forma Pauperis, which I granted just above. As also mentioned, above, a district court may deny an award of costs in their entirety if "a plaintiff is poor or for other good reason." *Poe*, 695 F.2d at 1108. I find that the plaintiff's very limited financial resources here and her inability to pay any costs without serious financial hardship, to herself and the children that she supports, present appropriate circumstances in which to deny an award of costs in their entirety.

THEREFORE,

1. The plaintiff's November 20, 2014, Motion To Appeal In Forma Pauperis (docket no. 50), as supplemented on December 1, 2014, *see* Motion And Affidavit For Permission To Appeal In Forma Pauperis (docket no. 58), is **granted**, and the plaintiff may proceed on appeal without prepaying or giving security for fees and costs; and

2. On the plaintiff's *pro se* "Appeal Of Bill Of Costs" (docket no. 54), filed November 21, 2014, which I have construed, in the first instance, as a request for review by the district court of the November 13, 2014, Bill Of Costs (docket no. 49), *see* FED. R. CIV. P. 54(d)(1), the taxing of costs in the amount of $1,188.15 against the plaintiff and to the defendant is **reversed**, and an award of costs is **denied in its entirety**.

**IT IS SO ORDERED**.

**DATED** this 23rd day of December, 2014.

MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA